UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kassem M. Dakhlallah, *et al.*,

                Plaintiffs,     Case No. 22-cv-11522

v.                                     Judith E. Levy
                                        United States District Judge

Nicholas "Nick" Chan, *et al.*,

                                        Mag. Judge David R. Grand

                Defendants.

_____/

## ORDER OF DISMISSAL

On July 6, 2022, Plaintiffs Kassem M. Dakhlallah, Tarik Tufre, and Abedellatif Aoun filed a complaint against various domestic and international Defendants, alleging violations of federal and state law. (ECF No. 1.) In response to the Court's orders regarding the identification of the Defendants in this case (ECF Nos. 4, 5, 8, 9), Plaintiffs filed a first amended complaint on August 5, 2022 (ECF No. 6) and a second amended complaint on September 13, 2022. (ECF No. 11.) The docket does not reflect that any of the Defendants have been served in the eight months since Plaintiffs filed their initial complaint or in the six months since they filed their second amended complaint. In fact,

Plaintiffs have taken no action in this case since they filed their second amended complaint on September 13, 2022. (ECF No. 11.)

On February 16, 2023, the Court ordered Plaintiffs to show cause in writing why the action should not be dismissed against Benjamin Tse, the Defendant located in the United States, for lack of service. (*See* ECF No. 12, PageID.92–94.) The Court also ordered Plaintiffs to provide information as to the remaining foreign Defendants (Nicholas "Nick" Chan, Maxim Geerinck, Jonas Snellinckx, Michael Gu, Elvin Cheung, Albert Chen, Nicholas Au, and Refinable), including that Plaintiffs explain the steps they have taken to serve these Defendants. (*See id.* at PageID.94.) The Court specified that "Plaintiffs' response to this show cause order is due by **February 28, 2023**" and that the "**[f]ailure to file a response by February 28, 2023 will result in sanctions, including the dismissal of the action or the dismissal of some or all of the Defendants.**" (*Id.* (emphasis in original).) Plaintiffs did not respond to the show cause order.

On March 15, 2023, the Court issued an order dismissing the action without prejudice against Tse due to Plaintiffs' failure to serve him within the ninety-day period under Federal Rule of Civil Procedure

2

4(m) and due to Plaintiffs' failure to respond to the Court's February 16, 2023 show cause order or to otherwise show good cause. (*See* ECF No. 13, PageID.98.) In its order dismissing the case against Tse, the Court also ordered Plaintiffs "to show cause in writing why the Court should not dismiss the action against the[ other] Defendants because of Plaintiffs' failure to comply with the Court's February 16, 2023 order and because of Plaintiffs' failure to prosecute the case against them." (*Id.* at PageID.99.) The Court renewed the unaddressed portion of its prior show cause order directing Plaintiffs to provide information regarding their service attempts on the remaining Defendants. (*See id.*) The Court specified that "Plaintiffs' response is due by **March 23, 2023**" and that "**[f]ailure to file a response by March 23, 2023 will result in sanctions, including the dismissal of the action or the dismissal of some or all of the Defendants.**" (*Id.* (emphasis in original).) Plaintiffs have failed to respond to the Court's renewed show cause order.

The Court dismisses this case without prejudice against the remaining Defendants due to Plaintiffs' non-compliance with the Court's two show cause orders and their failure to demonstrate any

3

effort to serve or prosecute the case against the Defendants. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2; *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008); *Link v. Wabash R. Co.*, 370 U.S. 626, 630–33 (1962). When contemplating the dismissal of a case for failure to prosecute, the Court considers the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "The foregoing factors 'have been applied more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal.'" *Schafer*, 529 F.3d at 737 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586,

4

591 (6th Cir. 2001) (citing *Knoll*, 176 F.3d at 363; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

Here, the first factor favors dismissal. "To show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (alteration in original) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)). Plaintiffs—who are represented by counsel—have not complied with the Court's orders and deadlines on multiple occasions and have failed to move this case forward. The Court's March 15, 2023 show cause order is the fourth show cause order issued in this case since Plaintiffs filed their initial complaint on July 6, 2022.[1] (*See* ECF Nos. 5, 8, 12, 13.) In addition, it is the second show cause order to which Plaintiffs have failed to respond. Plaintiffs initiated this action almost nine months ago but have made no effort to serve Defendants or to indicate to the Court that service is underway. According to the docket, Plaintiffs' counsel have taken no steps to litigate this case since they

---

[1] The first two show cause orders (ECF Nos. 5, 8) were vacated by the Court on September 7, 2022. (*See* ECF No. 10.)

5

filed the second amended complaint six months ago on September 13, 2022. (ECF No. 11.) "This conduct 'shows willfulness and fault in that [Plaintiffs were] at best extremely dilatory in not pursuing [their] claim[s], which indicates an intention to let [their] case lapse.'" *Adams v. Experian Info. Sols., Inc.*, No. 22-10405, 2023 WL 36057, at *1 (E.D. Mich. Jan. 4, 2023) (alterations in original) (quoting *Schafer*, 529 F.3d at 739).

The second factor does not favor dismissal. "Assessing prejudice for purposes of Rule 41(b) requires the district court to look to the 'waste[d] time, money, and effort in pursuit of cooperation which [the non-dilatory party] was legally obligated to provide.'" *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277–78 (6th Cir. 2023) (alteration in original) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005)). Here, Defendants have not been prejudiced by Plaintiffs' conduct because they have not been served with the complaint or appeared in the case.

The third factor favors dismissal. Whether the plaintiff was warned about the possibility of dismissal "is . . . a key consideration when determining whether a district court abuses its discretion in

6

dismissing a case pursuant to Rule 41(b)." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). In this case, the Court previously warned Plaintiffs that the failure to respond to the show cause orders "will result in sanctions" that include "the dismissal of the action or the dismissal or some or all of the Defendants." (ECF No. 12, PageID.94; ECF No. 13, PageID.99.)

The fourth factor also favors dismissal because the Court considered—and imposed—lesser sanctions prior to this dismissal order. When Plaintiffs failed to respond to the February 16, 2023 show cause order, the Court dismissed the case against Tse without prejudice, which is "a lesser sanction than a final dismissal." *Cowley v. Prudential Sec., Inc.*, No. 22-1760, 2023 WL 2592873, at *3 (6th Cir. Mar. 22, 2023). Instead of dismissing the case as to the remaining Defendants as well, the Court gave Plaintiffs another opportunity to respond with information about their service efforts on the Defendants. Yet Plaintiffs continue to disregard the Court's orders, making dismissal appropriate at this time.

In sum, three of the four factors discussed above favor dismissal of the action against the remaining Defendants (Nicholas "Nick" Chan,

7

Maxim Geerinck, Jonas Snellinckx, Michael Gu, Elvin Cheung, Albert Chen, Nicholas Au, and Refinable) for want of prosecution. Dismissal is appropriate because Plaintiffs have failed to comply with the Court's orders and have shown no effort to serve these Defendants or to prosecute the case against them. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2.

Accordingly, this action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: March 31, 2023      s/Judith E. Levy
   Ann Arbor, Michigan      JUDITH E. LEVY
                                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 31, 2023.

                                                  s/William Barkholz
                                                  WILLIAM BARKHOLZ
                                                  Case Manager